

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W 52ND STREET
NEW YORK, NEW YORK 10019-6142

*tel* +1-212-506-5000
*fax* +1-212-506-5151
WWW.ORRICK.COM

June 26, 2014

E. Joshua Rosenkranz
(212) 506-5380
jrosenkranz@orrick.com

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA  94119-3939

> Re:  *Fox Broadcasting Company, et al. v. DISH Network L.L.C., et al.*
>      Case No. 13-56818

Dear Ms. Dwyer:

Fox's FRAP 28(j) letter regarding *American Broadcasting Cos. v. Aereo, Inc.* notes the Supreme Court's conclusions that Aereo is the performer when it operates its service, and that these performances are to the public. But it fails to mention that the Court emphasized several aspects of Aereo that reinforce that neither conclusion applies to Sling, and that Sling is entirely lawful under the Copyright Act.

The first distinction lies in the Court's constant refrain that Aereo looks just like the cable companies Congress intended to cover with the Transmit Clause, which took signals off the air and retransmitted them to the public without authority or payment. Slip op. at 8-9, 12-13, 17. DISH pays retransmission fees to Fox—Sling does not implicate pirating signals. Customers pay for the right to receive works, with Fox's authorization, and do receive them at home before sending them to themselves. RB 50-51.

Similarly, the Court emphasized that Aereo "uses its own equipment, housed in a centralized warehouse, outside of its users' homes." Slip op. at 8-9. In contrast, Sling is not centrally controlled and the device lives in the customer's home. RB 8. Sling is just like a DVR or VCR—it is built right into the Hopper with Sling DVR in customers' living rooms. RB 12.



Molly C. Dwyer
June 26, 2014
Page 2

      Finally, the Court's decision relied upon the fact that Aereo "transmits to large numbers of paying subscribers who lack any prior relationship to the works." Slip op. at 15. But the Court made absolutely clear that the Transmit Clause "does not extend" to a subscriber's receipt of content she already owns or possesses. Slip op. at 16. "In addition, an entity does not transmit to the public if it does not transmit to a substantial number of people outside a family and its social circle." *Id.* That is a direct reference to Sling.

      As we explained in our brief (at 52-54), Fox itself drew these distinctions before both the Second Circuit and the Supreme Court, conceding that Sling "would not be a public performance." Its concessions are now the law of the land.

Very truly yours,
/s/ E. Joshua Rosenkranz
E. Joshua Rosenkranz


cc:    All counsel of record (via ECF)